Opinion issued July 6, 2007





 


 







In The

Court of Appeals

For The

First District of Texas






NO. 01-04-00713-CR






EDWARD CHRISTENSEN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 971063






CONCURRING OPINION ON REHEARING

 I join Justice Alcala's excellent opinion. I write separately to emphasize that
there is simply no evidence in the record that appellant, Edward Christensen, under
the law of parties, either used or encouraged anyone to make misrepresentations to
the complainants to obtain their money. 

 There is no evidence that appellant, acting with the intent to promote or assist
the commission of the offense of theft by deception, did in fact solicit, encourage,
direct, aid, or attempt to aid another person to commit the offense. See Tex. Pen.
Code Ann. § 7.02(a)(2) (Vernon 2003). Nor is there any evidence that appellant,
acting with the kind of culpability required for the offense of theft by deception, did
in fact cause or aid an innocent or non-responsible person to engage in conduct
prohibited by the definition of the offense. See id. § 7.02(a)(1). 

 The Texas Penal Code provides that a person commits the offense of theft if
he "unlawfully appropriates property with intent to deprive the owner of property." 
Id. § 31.03(a) (Vernon Supp. 2006). Appropriation of property is unlawful if "it is
without the owner's effective consent." Id. § 31.03(b)(1). Consent is not effective
if "induced by deception." Id. § 31.01(3) (Vernon Supp. 2006). "Deception" means, 
 (A) creating or confirming by words or conduct a false impression of
law or fact that is likely to affect the judgment of another in the
transaction, and that the actor does not believe to be true; . . . or 


 . . . .


 (E) promising performance that is likely to affect the judgment of
another in the transaction and that the actor does not intend to
perform or knows will not be performed, except that failure to
perform the promise in issue without other evidence of intent or
knowledge is not sufficient proof that the actor did not intend to
perform of knew the promise would not be performed. 

Id. § 31.01(1)(A),(E). Moreover, a person acts intentionally, or with intent, "with
respect to the nature of his conduct or to a result of his conduct when it is his
conscious objective or desire to engage in the conduct or cause the result." Id.
§ 6.03(a) (Vernon 2003). In theft cases, the "[r]elevant intent to deprive the owner
of property is the accused's intent at the time of the taking." Wilson v. State, 663
S.W.2d 834, 836-37 (Tex. Crim. App. 1984). In its charge to the jury, the trial court
appropriately tracked the language of the above statutory provisions, and the State
had the burden to show that appellant actually intended that the consent of the
complainants in this case be induced by deception as defined above. 

 The State argues that the evidence is legally and factually sufficient to support
appellant's conviction for the offense of theft by deception because "appellant
induced others to gain money for [the Harris County Deputies' Organization
("HCDO")] by soliciting donations on behalf of the Toys for Tots program (1) when
those donations were not intended to be provided to--and were not provided to--the
Toys for Tots program, (2) when those donations would not have been provided had
it not been represented that the donations were being made on behalf of the Toys for
Tots program, and (3) when those donations were in fact not provided to the Toys for
Tots program, but were instead used to pay stipends to the appellant and other
members of the Board of the HCDO." 

 In support of this argument, the State relies exclusively on the following letter
signed by appellant:

 Dear Friend,


 On behalf of the Harris County Deputies' Organization, please let me
Personally thank you for your generous support.

 

 Every year at this time the Harris County Deputies' Organization lends
A helping hand of support to the "TOYS FOR TOTS " program. This
Program provides toys for children of families who cannot afford to do
So, and to those children who have no family. Just knowing that there
Is a light at the end of the tunnel gives hope to these children year after
Year. Let us all as a community give what we can in order to bring
Some Joy and Laughter into the lives of those who are less fortunate
Than others.

 

 Once Again I would like to thank you for your generous support and
Cooperation. It is only through such assistance that we can carry on.

 

 Sincerely,

 [Signature]

 Ed Christensen, President

 Harris County Deputies' Organization

The State asserts that by signing the letter, "appellant approved the telephone
solicitation or marketing of individuals to donate money to the HCDO on behalf of
the Toys for Tots program." 

 The State contends that "the letter authorized and signed by appellant was to
induce donations to the HCDO on behalf of the Toys for Tots program when in fact
it was clear that those donations would not be provided to the Toys for Tots
program." However, the very first sentence of the letter expressly indicates that it is
in fact a thank you letter for donations already received by the HCDO. After thanking
the addressee for their support, the letter goes on to note that the HCDO "lends A
helping hand of support" to the program. 

 The distinction here is critical. The State had the burden to prove, at the time
of the taking of the complainants' money, either that appellant, acting with intent to
promote or assist the commission of the offense of theft by deception, did in fact
solicit, encourage, direct, aid, or attempt to aid another person to commit the offense,
or, acting with the kind of culpability required for the offense, did in fact cause or aid
an innocent or non-responsible person to engage in conduct prohibited by the
definition of the offense. 

 In fact, Ron Kowalsky, the telemarketer hired to solicit funds for the HCDO,
"could not recall the specifics" of his conversation with appellant about Toys for
Tots. The record reveals the following exchange:

 [State]: . . . Okay. Did you discuss the Toys for Tots
Program and solicitation with Mr. Christ[e]nsen
before you began soliciting for that?


 [Kowalsky]: I remember drafting a letter, putting a letter in his
mailbox to have it approved or disapproved. 


After appellant signed the letter, Kowalsky began telemarketing for the HCDO. 
Subsequently, he subcontracted with John Merritt to solicit funds on behalf of the
HCDO, and he gave the letter to Merritt. 

 However, there is no evidence at all that appellant had any role in the
preparation or use of the scripts that were used by the telemarketers. There is no
evidence that he knew what the telemarketers were representing to the complainants
to obtain their money. For example, there is no evidence that appellant knew that the
telemarketers were misrepresenting themselves as Harris County Sheriff's Deputies
and specifically asking for donations for Toys for Tots and not the HCDO. Also,
Merritt had no contact with appellant or anyone else at the HCDO, and he worked
independently. 

 It cannot be inferred that, by signing the letter, appellant actually intended for
Kowalsky or anyone else to make misrepresentations to the complainants to obtain
their money. The presence of his signature on the letter does not support the
inference that appellant, acting with the intent to promote or assist the commission
of the offense of theft by deception, did in fact solicit, encourage, direct, aid, or
attempt to aid another person to commit the offense. Nor can it be inferred from his
signature on the letter that appellant, acting with the kind of culpability required for
the offense of theft by deception, did in fact cause or aid an innocent or non-responsible person to engage in conduct prohibited by the definition of the offense. 
 Also, Kowalsky's very limited testimony about his dealings with appellant 
does not support any such inferences, and, again, Merritt had no contact with
appellant or anyone else at the HCDO. Appellant testified that Kowalsky was to raise
funds for HCDO, and Kowalsky himself did not testify that he ever informed
appellant that he would use the letter to raise money for Toys for Tots and not the
HCDO. 

 In sum, the State presented no evidence to the jury to prove that appellant
actually intended that the consent of the complainants in this case be induced by
deception. There is no evidence in the record that appellant, under the law of parties,
either used or encouraged Kowalsky, Merritt, or anyone else to deceive the
complainants to deprive them of their money.



 Terry Jennings

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.


Justice Jennings, concurring.


Justice Taft, dissenting.

 

Publish. Tex. R. App. P. 47.2(b).